IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

OLLIE LEE EVANS

VS.                                                                  CIVIL ACTION NO. 2:12cv56-KS-MTP

EMMITT SPARKMAN, ET AL

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Motion for Summary Judgment filed by the Defendants [148], Plaintiff's Motion for Summary Judgment [107], Motions for Partial Summary Judgment [147] and [158], Motions for Default Judgment [128, 129, 144, 145, 159, 162], and Motions for Preliminary Injunction/Temporary Restraining Order [160], [163].  Also considered are Plaintiff's Motion for Default Judgment [178], Motion for Argument of Plaintiff's Due Process Clause Rights [179], and Motion for Certificate of Appealability [172].  Also before the Court is the Report and Recommendation [167] filed by Magistrate Judge Michael T. Parker.  Plaintiff requested additional time to file Objections to the Report and Recommendation and additional time was granted.  However, he has not filed an additional Objection, other than [173], which objects to the Report and Recommendation.

The Court has considered the Report and Recommendation, the pleadings above described, the record herein and finds that summary judgment should be granted in favor of the Defendants and that Plaintiff's motions should **denied** for the following reasons.

### I.  PROCEDURAL HISTORY

Ollie Lee Evans, proceeding *pro se* and *in forma pauperis*, filed his complaint on April 11, 2012, alleging that certain prison officials at South Mississippi Correctional Institution ("SMCI")

violated his Eighth Amendment rights by exposing him to excessive amounts of environment tobacco smoke ("ETS" or "second-hand smoke").  Evans names the following officials as defendants in this action: Ron King, Christopher Epps, Johnnie Denmark, and Emmitt Sparkman.  King is the Superintendent of SMCI; Epps is the Commissioner of the Mississippi Department of Corrections ("MDOC"); Sparkman is the former Deputy Commissioner of Institutions at the MDOC; Denmark is the Warden of SMCI.  Since the Plaintiff's claims arise under 42 U.S.C. § 1983, this Court has subject matter jurisdiction over the case based on a federal question.  28 U.S.C. § 1331.

On April 23, 2013, an evidentiary hearing was conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), at which time the Plaintiff clarified his claims.  Evans alleges that the Defendants are not enforcing the smoke-free policy at SMCI, thereby allowing inmates at the facility to smoke and causing him to be exposed to high amounts of ETS.  Evans claims he has written letters and talked to the Defendants concerning violation of the policy, but they have not done anything to resolve the problem.  He asserts that, by not acting, the Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment.  Evans contends that his exposure to ETS has caused him to suffer breathing problems, watery eyes, headaches, and coughing.

The Plaintiff asserts his claims against the Defendants in their individual and official capacities.  He seeks monetary damages and an order transferring him from SMCI to a facility where he will not be exposed to second-hand smoke.

Both parties have filed dispositive motions.  The motions have been briefed and are ripe for a decision.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The document styled "Objection" [173] does not state any specific objections to the Report and Recommendations.  Plaintiff alleges impartiality against him by the judges, but gives no specifics.  The Court has reviewed the Report and Recommendation, the authorities cited and the logical analysis of the Magistrate Judge.  It is clear from the record that Plaintiff's Motions for Default Judgment [128, 129, 144, 145, 159, 162, and 178] should be **denied**. Motions [163, 160, 179, and 172] also should be **denied.**

It is also clear from the record that Defendant's Motion for Summary Judgment ]167] should be **granted**.  The Plaintiff does not establish a viable claim against the Defendants.  The Defendants are immune under the Eleventh Amendment from suit in their official capacity.  Plaintiff has not established a Constitutional violation and, therefore, his 1983 claim has no

basis.  The prospective claim for injunction is not viable because there is no establishment of a Constitutional violation and this is the only way that 1983 type complaints can go forward against officials acting in their official capacity.  *McKinely v Abbott*, 643 F.3d 403, 406 (5th Cir. 2011).  Additionally, Defendants have established that they are entitled to qualified immunity from suit.  Plaintiff has not shown objectively that he was exposed to unreasonably high levels of environmental tobacco smoke nor has he shown that the Defendants were deliberately indifferent to his medical situation.  Further, Plaintiff was offered a transfer, which he did not accept.

The bottom line is that Plaintiff has failed in every way to establish a viable claim that this Court can allow to move forward and that the Defendants are entitled to summary judgment for the reasons stated by the Magistrate Judge.

The Motion for Argument [179] is moot and the Motion for Certificate for Appealability is moot.

## IV.  CONCLUSIONS

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Plaintiff's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Ollie Lee Evans' claim is **dismissed with prejudice**. All other

pending motions are denied as moot.

SO ORDERED this, the 17th day of December, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE